
FILED
2005 Aug-23 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **INGRID HERWICK, and B. ROBERT STIER II,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action Number **5:05-cv-1582-UWC** |
| **H. WAYNE SMITH,** ) **SMITHBILT CONSTRUCTION, and** ) **GEORGE W. MILLER,** ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

*Pro se* plaintiffs, Ingrid Herwick and Robert Stier, initiated this action on June 25, 2005, in response to an eviction action filed against them on June 20, 2005, in the District Court of Morgan County, Alabama by Defendant Wayne Smith.  The plaintiffs ask this Court to enjoin the eviction proceeding against them and to grant various other forms of relief.  "Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Here, the plaintiffs' complaint fails to establish that their alleged right to relief requires this Court to decide a substantial question of federal law, as is required in order to invoke this Court's federal question jurisdiction under 28 U.S.C. Section

1331. Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction,..., and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In order to satisfy this burden, "the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994).

The plaintiffs have asserted that this Court has jurisdiction under the Fair Housing Act, National Housing Policy, and several Amendments to the US Constitution (the Fifth, Seventh, and Fourteenth, respectively). However, mere recitation of possible sources of federal jurisdiction without allegation of "facts demonstrating the existence of jurisdiction" is insufficient to establish federal jurisdiction. While the facts alleged in the seven counts listed in the complaint would likely entitle the plaintiffs to some form of relief in some state court, they are insufficient to invoke this Court's jurisdiction.

First, the Fair Housing Act, 42 U.S.C. §§ 3601-3619, provides a federal cause of action for discrimination on the bases enumerated in Section 3604 of the Act in the sale or rental of housing. In their complaint, the plaintiffs fail to allege any form of discrimination prohibited by the Act in the rental of the property in question. The plaintiffs, however, do allege claims generally pertaining to "fair" housing, but their claims arise under state law. Disputes, as here, between landlords and tenants concerning the alleged breach of lease agreements and the alleged breach of the warranties of quiet enjoyment and habitability are generally governed by state law and state tribunals, not federal law and federal tribunals.

Second, the National Housing Policy, as the name would suggest, is merely a

Congressional declaration of national housing policy. There is thus no federal cause of action arising under the provision cited by the plaintiffs. Even if there were a federal cause of action, the complaint fails to establish a connection between the single rental of property in question here and national housing policy. Next, there is no government action specified to invoke the protections afforded under the Fifth and Fourteenth Amendments respectively. The complaint merely accuses the defendants, none of whom are purported to be governmental actors, of various wrongs. Finally, the Seventh Amendment pertains to the right to a trial by jury, and because there has not been denial of a trial by jury, this Amendment would not be a source of jurisdiction.

Not only did the plaintiffs fail to establish federal question jurisdiction, but they also fail to establish diversity jurisdiction under 28 U.S.C. § 1332. The complaint specifies that the plaintiffs are residents of Morgan County, Alabama and that Defendant Wayne Smith is a resident of Morgan County, Alabama. The complaint is silent as to the residency of the co-defendants. However, even if the co-defendants were residents of different states, the complaint clearly establishes that there is not *complete* diversity as is required to invoke this Court's jurisdiction via diversity of citizenship.

Accordingly, by separate order, this action will be dismissed.

Done this 23rd day of August, 2005.

_____
U.W. Clemon
Chief United States District Judge